# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANTONIO B. GONZALES,<br><br>                Plaintiff,<br><br>v.<br><br>KAY SCHOREDER,<br><br>                Defendant. | Case No. 25-CV-426-JPS<br><br>**ORDER** |

Plaintiff Antonio B. Gonzales, a prisoner currently incarcerated in Columbia Correctional Institution and who is representing himself pro se, filed this lawsuit under 42 U.S.C. § 1983. ECF No. 1. The cost of filing a civil lawsuit in federal court is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Along with his complaint, Plaintiff filed a motion to proceed without prepayment of the filing fee. ECF No. 2.

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was incarcerated when he filed this lawsuit. *See* 28 U.S.C. §1915(h). As part of the PLRA, if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions without prepayment of the filing fee unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Commonly known as the "three-strikes" provision, a prisoner is said to have struck out once he or she has accrued three dismissals under this section.

In order to meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. *Id.* Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann*, 337 F.3d at 782).

Here, the Court finds that Plaintiff has already accrued at least three strikes. Court records show that Plaintiff has accumulated strikes in the following cases: (1) *Gonzales v. Auth*, Case No. 15-CV-464-JPS (E.D. Wis.), dismissed on June 30, 2015 for failure to state a claim; (2) *Gonzales v. Dep't of Health Servs.*, Case No. 15-CV-465-JPS (E.D. Wis.), dismissed on June 30, 2015 for failure to state a claim; and (3) *Gonzales v. Zinn*, Case No. 15-CV-598-JPS (E.D. Wis.), dismissed on July 23, 2015 for failure to state a claim.

Further, the Court does not discern any meaningful allegations of an imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff appears to be challenging a guardianship order that was entered in 2009. ECF No. 1; ECF No. 1-1 at 2. Given the fact that Plaintiff is currently incarcerated, the Court does not find that these allegations meet the standard for imminent danger. Therefore, Plaintiff is ineligible for the exception to the "three strikes" provision under 28 U.S.C. § 1915(g) and the Court will therefore deny his motion to proceed without prepayment of the filing fee. Plaintiff must pay the full $405.00 civil case filing fee in full to

proceed with this lawsuit. The failure to do so will result in the dismissal of this case without prejudice and without further notice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff must submit to the Clerk of Court the $405.00 civil case filing fee in full by **April 16, 2025**, if he wishes to proceed with this case. No further action will be taken in this case until payment is received. Failure to pay the fee will result in dismissal of this case without prejudice and without further notice.

Dated at Milwaukee, Wisconsin, the 26th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge